# Exhibit 1

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|---|
| **STATE OF MICHIGAN**<br>17th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | **SUMMONS** | | **CASE NO.**<br>22- 07049 -CZ |

**Court address**
180 Ottawa Avenue, Grand Rapids, MI 49503

**Court telephone no.**
616-632-5480

**Plaintiff's name(s), address(es), and telephone no(s).**
JORDAN MCELROY

v

**Defendant's name(s), address(es), and telephone no(s).**
GENUINE PARTS COMPANY, INC.
d/b/a NAPA AUTO PARTS

**Plaintiff's attorney, bar no., address, and telephone no.**
Sarah Riley Howard (P58531)
Pinsky, Smith, Fayette & Kennedy, LLP
146 Monroe Center Street, NW - Suite 418
Grand Rapids, MI 49503
616-451-8496

J. JOSEPH ROSS
(P-53941)

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date | Court clerk |
|---|---|---|
| AUG 0 4 2022 | NOV 0 3 2022 | LISA POSTHUMUS LYONS |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (9/19)  **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS | | Case No. 22- |
|---|---|---|
| **PROOF OF SERVICE** | | |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____  Signature: _____
                       Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                      Attachments

_____ on _____
                                  Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

JORDAN McELROY, an individual;

    Plaintiff,

v.

GENUINE PARTS COMPANY, INC.,
d/b/a NAPA Auto Parts,
a corporation,

    Defendant.

Case No. 22-07049-CZ
Hon.

J. JOSEPH ROSS
(P-53941)

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this court, nor has any such action been previously filed and dismissed after having been assigned to a judge.

### Complaint

Plaintiff Jordan McElroy, by and through his attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, states as follows:

### Jurisdiction, Venue, and Parties

1. This is an action seeking to remedy employment retaliation made unlawful by the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*

2. Plaintiff Jordan McElroy is a male individual who resides in Kent County.

1

3. Defendant Genuine Parts Company, Inc., doing business as NAPA Auto Parts ("GPC"), is a for-profit corporation headquartered in Atlanta, Georgia, and doing business in Kent County.

4. GPC employed Plaintiff, whose principal place of employment was in Kent County. The acts that are the subject of this action impacted Plaintiff in Kent County, Michigan.

5. The amount in controversy exceeds $25,000, exclusive of costs and attorney fees, and the matter is otherwise within the jurisdiction of this Court.

6. Venue is appropriate in Kent County.

## Factual Allegations

7. GPC is engaged in the distribution of automotive replacement parts, industrial replacement parts, office products and electrical/electronic materials from more than 2,600 operations around the world. GPC has approximately 48,000 employees worldwide, and owns the NAPA Auto Parts brand.

8. Plaintiff worked for GPC as Operations Manager at its NAPA Auto Parts Distribution Center in Grand Rapids until GPC terminated Plaintiff's employment on May 5, 2022.

9. Although GPS claimed it fired Plaintiff for allegedly violating a policy, that was a pretextual justification. GPS actually fired him in retaliation for his reports of sexual harassment suffered by, and continued advocacy on behalf of, his co-worker Anna Leep, a female individual.

10.     A military veteran, Plaintiff was an exemplary employee for GPC. When the Grand Rapids location lost its Human Resources ("HR") staff on site, John Sedlecky, the General Manager, assigned Plaintiff to assume the local HR tasks on an interim basis in addition to his other duties. Mr. Sedlecky made this assignment to Plaintiff, among other reasons, because of his relevant HR experience during his military service.

11.     Plaintiff performed his additional HR duties well. For example, he identified that the Grand Rapids location management team needed investigative training – improving skills in taking statements, following a proper procedure, and recommendation of appropriate outcomes after an employee investigation. Plaintiff organized and scheduled this training with relevant members of GPC's staff with GPC corporate HR Director Joy Kelly. However, Ms. Kelly failed to show up for the training as planned, and it could not go forward.

12.     A few weeks after Ms. Kelly skipped the training that Plaintiff organized, on March 24, 2022, Plaintiff's co-worker Ms. Leep reported sexual harassment by another employee, Tarvis Cutts. Plaintiff took a report from Ms. Leep and called Ms. Kelly with Ms. Leep to provide that report to upper HR management, as was appropriate. During their telephone call, Ms. Kelly listened to Plaintiff and Ms. Leep explain the details of concerning sexual harassment of Ms. Leep. Ms. Kelly then told Ms. Leep with Plaintiff present that it sounded like a "he said/she said" circumstance and that Ms. Kelly felt there was nothing that GPC could do to address

the situation. Plaintiff and Mr. Sedlecky asked that Mr. Cutts be suspended, but Ms. Kelly refused to permit the suspension.

13. On March 29, 2022, Ms. Kelly called Plaintiff and told him that Ms. Leep sent Twitter messages to GPC's corporate offices and complained that HR did not care about sexual harassment and refused to address it appropriately. In response, Ms. Kelly provided Plaintiff with a warning document to give to Mr. Cutts instructing him to stay away from Ms. Leep. Plaintiff delivered this warning to Mr. Cutts.

14. Within a day, though, Mr. Cutts again cornered Ms. Leep in a stockroom and sexually harassed her, upsetting her to the extent that she left work crying and had to take a week off because she was so scared of Mr. Cutts. Upon Plaintiff's investigation, computer tracking showed that Mr. Cutts deliberately left his own work area and followed Ms. Leep in her work area where he was specifically instructed not to go. After providing this information to Ms. Kelly, she finally permitted Plaintiff and Mr. Sedlecky to suspend Mr. Cutts. Once Plaintiff obtained manager statements, Ms. Kelly authorized terminating Mr. Cutts' employment on March 31, 2022.

15. While Ms. Leep was on her week's leave from work, she submitted a formal complaint to GPC corporate offices against Ms. Kelly. On April 11, 2022, Ms. Kelly called Plaintiff and accused him of instigating Ms. Leep's complaint. Ms. Kelly claimed that she did not know that Ms. Leep was on the phone with her and Plaintiff when he initially helped Ms. Leep report the harassment to Ms. Kelly. Ms. Kelly further alleged that she made statements during that call that only Plaintiff was

meant to hear. Plaintiff responded that this was a nonsensical position since he clearly identified Ms. Leep's presence on the phone and the three of them were discussing the facts of the harassment during the call.

16. Although the Grand Rapids location was still interviewing applicants for an on-site HR manager at this time, Ms. Kelly stopped including Plaintiff on interviews after her call accusing him of encouraging Ms. Leep's formal complaint.

17. On May 2, 2022, an employee named Eric Taylor asked Plaintiff for help with a different HR situation. Mr. Taylor was attempting to transfer to the Charlotte, North Carolina location, but he was being denied the transfer because he had recently been given a final write-up after a verbal altercation with another employee. Mr. Taylor asked Plaintiff to investigate the circumstances of the write-up because Mr. Taylor believed it was not fair.

18. After reviewing the write-up itself, compared to what Mr. Taylor reported had happened, Plaintiff agreed that it warranted his further investigation. Plaintiff then asked the HR Generalist in GPC's Detroit office, Monique Jones, if a current employee could apply to another GPC location through normal channels like any person could if the current employee was ineligible for a transfer. Ms. Jones told Plaintiff that this was permitted. This advice was also consistent with the common practice of GPC accepting applications from its current employees for job positions posted on public sites like Indeed.com, instead of requiring them to use the internal transfer procedure.

19. On May 4, 2022, after speaking to the supervisors present at the

5

altercation, Plaintiff found that the final write-up was based on an inadequate investigation which violated GPC policy in many respects, including failing to involve HR and failing to interview Mr. Taylor. Plaintiff and Mr. Taylor's supervisor, Logan Edwards, concluded that the situation warranted only a verbal warning, not a final write-up, and referred the matter to an HR generalist.

20. On May 5, 2022, Ms. Kelly told Mr. Sedlecky on a call that he was to suspend Plaintiff because she alleged Plaintiff "circumvented the transfer process" by advising Mr. Taylor that an HR Generalist said that he could still apply to the Charlotte location. That evening, GPC advised Plaintiff that it was terminating his employment.

21. GPC's claim that it fired Plaintiff for violation of a policy is a pretextual, false reason for terminating his employment. This is evident based on, among other facts: (1) the lack of investigation of the circumstances of the Taylor situation; (2) the fact that Plaintiff was acting upon advice of an HR generalist when GPC claims Plaintiff violated a policy; (3) the relative lack of seriousness of this alleged violation of policy (if it even was such, which Plaintiff disputes), compared with the solid work record of Plaintiff; (4) GPC's unwillingness to immediately fire Mr. Cutts for his conduct, contrasted with its decisive move to quickly fire Plaintiff; and (5) Ms. Kelly's recent unjustified irritation and anger with Plaintiff for Ms. Leep's complaints and Plaintiff's advocacy for Ms. Leep.

22. GPC's true reason for firing Plaintiff is, upon information and belief, retaliation for Plaintiff performing his HR duties competently and advocating for the

appropriate handling of Ms. Leep's sexual harassment report.

### Count I – Violation of ELCRA – Retaliation

23. Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

24. Defendant violated the ELCRA when it terminated Plaintiff's employment because GPC terminated Plaintiff in retaliation for his advocacy for the appropriate handling of Ms. Leep's sexual harassment report and Plaintiff's opposition of Defendant's violation of ELCRA as to Ms. Leep.

25. As a result of the foregoing, Plaintiff lost earnings and benefits and future earnings and benefits and suffered mental anguish, emotional distress, unfair reputational damage, and undue harm to his career, as well as incurred attorney fees, for which Defendant is liable.

### RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Order Plaintiff reinstated to his employment position with Defendant;

B. Award Plaintiff economic and compensatory damages in an amount that would fully compensate Plaintiff for the injuries alleged herein, including damages for mental anguish and emotional distress;

C. Award Plaintiff punitive damages;

D. Award Plaintiff costs and reasonable attorney fees;

E. Award Plaintiff such other relief as may be just and equitable.

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

Dated: August 4, 2022        By: *Sarah R. Howard*
                                             _____
                                             Sarah Riley Howard (P58531)
                                             Crystal J. Bultje (P80276)
                                             146 Monroe Center, N.W., Suite 418
                                             Grand Rapids, MI 49503
                                             (616) 451-8496
                                             showard@psfklaw.com

8

## JURY DEMAND

To the extent that jury trial is available as to any of the issues set forth above, Plaintiff hereby demands same.

                                        PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                        Attorneys for Plaintiff

Dated: August 4, 2022        By: */s/ Sarah R. Howard*
                                          Sarah Riley Howard (P58531)
                                          Crystal J. Bultje (P80276)
                                          146 Monroe Center St NW, Suite 418
                                          Grand Rapids, MI 49503
                                          (616) 451-8496
                                          showard@psfklaw.com